Curia, per

Earle, J.
The plaintiff, in his declaration, complains that the defendant caused an execution to be issued and levied upon his land and goods, and the same to be sold by the sheriff, and the money arising from the *422 sale of the same tobe applied to the satisfaction of the said execution; and avers that afterwards the judgment in favor of the defendant, upon which the said execution issued “ was set aside and rendered of no effect, <fec. and after-wards a verdict was rendered in the same case for the defendant, whereby it was established that the said Jonathan was not in arrears or in any wise indebted to the said William,” by means whereof the said Jonathan is greatly injured, &c.
Nothing is'better established than the general rule, that for all acts done under color of legal proceedings, where the court has no jurisdiction, or where the proceeding is irregular, trespass is the proper form of action. 1 Ch. Pl. 184. And where a judgment has been set aside for irregularity, that is the appropriate remedy for any act done under it. Ibid; 1 Str. 509. This was expressly ruled here in McCool vs. McLooney, State Rep. 486, where it was held that case would not lie. And this is decisive of the present action, unless it can be supported on another ground, suggested on the circuit, and which induced me to overrule the motion for a nonsuit; it is that the proceeding was wholly unfounded as well as irregular, and was adopted by the defendant with an express malicious intent. Such was the case in Goslin vs. Wilcock, 2 Wils. 302, for maliciously causing the plaintiff to be arrested, in an inferior court; which had no jurisdiction, without any probable cause, the defendant not having at the time of such arrest and imprisonment any just or probable cause of action against the plaintiff. In that case no doubt trespass would lie for the arrest in a court having no jurisdiction; and as the proceeding was adopted with an express malicious intent, in a court which the party knew had no jurisdiction, an action on the case would also lie, as the court held; both malice and the want of probable cause being alleged and prored, as they were essential to the action. It is true that the allegation that the defendant knew the court had no jurisdiction was not contained in the declaration ; and the court held it cured by the verdict and refused to arrest the judgment. In the case under consideration, the declaration was not referred to on the circuit, else I should háve been constrained to nonsuit the plaintiff for the want of a *423 sufficient cause of action in the form adopted. It is alleged that the verdict for the defendant, now plaintiff, on the trial of the former issue after the judgment was set aside, established that he was “ not in arrears nor in any wise indebted” to the defendant; but there is no averment that the suit was brought, or that the execution was sued out, “ with malice, and without probable cause,” both of which are essential to this form of action, and which must be alleged and proved, as the court said in Goslin vs. Wilcock. But inasmuch as the plaintiff was not arrested and imprisoned, nor held to bail, no action lies against the defendant for a mere malicious suit, however groundless. Bul. N. P. 1 Salk. 14. No form of declaring, therefore, would have enabled the plaintiff to recover for having instituted and carried on a groundless action, although with malice. Could the defendant then have been made liable in an action on the case, for merely suing out an execution upon a judgment which had been rendered in his favor and was still subsisting, although irregular'? No doubt if a plaintiff sues out an execution upon a judgment which he knows to have been fully paid off and satisfied, or a second execution upon a former under the same circumstances, he would be liable to an action, with the proper averments that it was done with malice and intent to harrass, injure and oppress. But here there is no such case. The judgment, at the time of execution sued out and levied, was still of force; the defendant then, now plaintiff', had not appeared to defend, and there was an order for judgmeut by default, and the verdict which was finally rendered for him, after the judgment was set aside, is by no means conclusive that the defendant may not have had a probable cause of action, or may not have honestly believed that he had, both when he brought the action, and when he sued out the execution, which would bave exempted him from liability in an action for a malicious arrest, if the plaintiff had been held to bail. Gibson vs. Charters, 2 B. & P. 129; 3 Esp. R. 34; 1 Camp. 295. If he was not liable for bringing the suit, however groundless, then he cannot be liable for suing out the execution, so long as the judgment was of force. Had it not been set aside, he could never have been made liable in any form, either in case, or trespass, or assumpsit, to re *424 cover back the money. Marriott vs. Hampton, D. & E. As it was set aside for irregularity, it was the same as if it had never been rendered and he became a trespasser. To make him liable in case also, and thus accumulate the plaintiff's remedies, would seem to be unnecessary for the ends of justice. I will not say that it cannot be done with suitable averments and adequate proof. In such case, it would, at all events, be essential to aver and prove not only that the proceeding was malicious and without probable cause, but t[iat the irregularity which avoided the judgment was in some way the act of the defendant or his attorney, and not the act of the court, as it would seem to be, procured by falsehood or fraud with intent to injure the plaintiff. There is not in the declaration any such averment of malice or the want of probable cause, or any allegation that the defendant knew of the irregularity, nor any thing from which these facts can be fairly inferred. The simple averment is that the defendant caused an execution to be levied, and the judgment was afterwards set aside. This presents a casein which trespass alone would lie. After verdict the court will, by intendment, suppose every thing to have been proved which the allegations of the record require to be proved; but nothing, more. And where the declaration contains no cause of action, the defect is not aided by a verdict. Here every thing which constitutes Ihe gist of the action on the case is omitted, and the judgment must be arrested. The motion is granted.
Richardson, O'Neall, Evans and Butler, JJ., concurred.